UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ZENOVIO JIMENEZ CLEMENTE (A-Number: 240-393-351),

Petitioner,

v.

Warden, River Correctional Center, et al.,

Respondents.

Case No. 1:26-cv-03700-KES-HBK (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING HEARING WITHIN TEN (10) DAYS

Doc. 1

Petitioner Zenovio Jimenez Clemente is an immigration detainee proceeding with counsel on his petition for writ of habeas corpus. Doc. 1. Petitioner challenges the statutory authority for his detention. *Id.* at 1. Respondents argue that petitioner "is an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)." Doc. 8 at 1–2. But the Ninth Circuit rejected that argument in *Rodriguez Vasquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026), and held that 8 U.S.C. § 1226(a) applies to noncitizens in petitioner's circumstances.

Petitioner was detained at Mesa Verde Detention Center at the time he filed his habeas petition. Doc. 1 at 1. Respondents provided a status report that petitioner was subsequently

transferred to River Correctional Center in Oakdale, Louisiana. Doc. 12 at 1. This transfer does not affect this Court's jurisdiction over the pending petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.") (citing *Ex Parte Endo*, 323 U.S. 283 (1944)).

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to provide petitioner Zenovio Jimenez Clemente (A-Number: 240-393-351) with a bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations within ten (10) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' notice before the bond hearing in a language that he can understand. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondents do not provide petitioner with a bond hearing within ten (10) days, then respondents must release him.[1]

The Clerk of Court is directed to close this case, terminate any pending motions as moot, and enter judgment for petitioner. The Clerk is directed to serve River Correctional Center with a copy of this Order.

IT IS SO ORDERED.

Dated: November 8, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.